THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ULTRACLEAN FUEL
(TRANSMIX) LLC,**

      **Plaintiff,**

      v.                                                                            Civ. No. 25-410 JFR/KK

**LDC ENERGY, LLC,**

      **Defendant.**

**AMENDED[1] MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the *Motion to Dismiss for Failure to Exhaust Tribal Remedies* ("*Motion*") filed by Defendant LDC Energy, LLC ("Defendant" or "LDC-E") on June 10, 2025. Doc. 8. Plaintiff Ultraclean Fuel (Transmix), LLC ("Plaintiff" or "UCF-T") filed its Response in Opposition on June 30, 2025 (Doc. 13), and Defendant replied on July 11, 2025 (Doc. 17). Being fully advised in the premises and relevant law, the Court finds that Defendant's *Motion* (Doc. 8) is well taken and is **GRANTED IN PART AND DENIED IN PART** as specified below.

**I. RELEVANT FACTUAL BACKGROUND**

On April 30, 2025, Plaintiff, a subsidiary of the Australian corporation Ultraclean Fuel Proprietary Limited ("UCF"), Doc. 1 at ¶¶ 10-11, filed its 'Complaint for Breach of Contract and Breach of Good Faith and Fair Dealing' against Defendant. *See generally id.* Defendant is a New Mexico limited liability company wholly owned by and a subsidiary of Laguna Development Corporation ("LDC"), which is a federally chartered corporation wholly owned by

---

[1] The Court files this Amended Memorandum Opinion and Order in light of the Order Granting Unopposed Motion to Amend Memorandum Opinion, filed August 13, 2025. Doc. 21. Accordingly, the only change effectuated herein is to properly designate the relevant tribal appellate court as the "Pueblo of Laguna Court of Appeals" rather than the "Southwest Intertribal Court of Appeals." *See* Docs. 20-21.

1

the Pueblo of Laguna, a federally recognized tribe. *See id.* at ¶¶ 2, 4-6; Doc. 8 at 1; *see also* Indian Entities Recognized by and Eligible to Receive Services from the United States Bureau of Indian Affairs, 89 Fed. Reg. 944, 946 (Jan. 8, 2024).

In 2003, the Pueblo of Laguna assigned LDC a parcel of tribal land for the development, construction, and operation of a facility ("Site") to process transmix[2] into gasoline and diesel for sale. Doc. 1 at ¶¶ 7, 9. In 2011, LDC and UCF entered into a Supply Agreement (Doc. 1-3) for the installation and testing of a fuel-processing unit ("Unit") on the Site. *Id.* at ¶ 12. There were several subsequent novations between LDC and UCF, resulting in their respective subsidiaries, Defendant and Plaintiff, undertaking obligations in a restated Fuel Processing Agreement ("FPA") (Doc. 1-2) dated June 20, 2017. *See id.* at ¶ 17. The FPA relied on multiple documents, including a Co-Ordination Agreement (Doc. 1-4), which made various Supply Agreement provisions contingent on the commission of certain events. *See id.* at ¶¶ 14, 16, 18-19, 23-26.

Specifically, the Unit commissioned (i.e., began sustained, fully automated operation, processing all diesel that Defendant provided, *id.* at ¶ 23) in 2018, *id.* at ¶ 52, which imposed various obligations on Defendant. *See id.* at ¶¶ 25-26, 28-29, 51-52. But during the Unit's operation, spills occurred at the Site. *See id.* at ¶¶ 37-41, 45. Plaintiff claims that, as a result, Defendant effectively terminated the FPA without cause, *see id.* at ¶¶ 43-44, 46-48, 55, and without satisfying its various obligations, *see id.* at ¶¶ 29, 42, 46-49, 52-56, 59, 63.

Plaintiff therefore asserts three claims for relief: (1) breach of contract (Doc. 1 at ¶¶ 50-56); (2) breach of the covenant of good faith and fair dealing (Doc. 1 at ¶¶ 57-60); and (3) misrepresentation of material terms in restating the parties' agreements into the FPA (Doc. 1 at ¶¶ 61-67). Accordingly, Plaintiff seeks compensatory and reliance damages for the alleged

---

[2] Transmix is an otherwise unusable mixture of gasoline, diesel, and jet fuel, which, after being processed to an acceptable level, can be sold as gasoline and/or diesel fuel in unrestricted markets. Doc. 1 at 2 ¶ 8.

breach of contract and covenant of good faith and fair dealing, as well as punitive damages for Defendant's allegedly reckless and intentional conduct, all of which are subject to pre- and post-judgment interest.  *Id.* at ¶¶ 69-72.

Notably, two related cases are pending in the Laguna Pueblo Court.  *See* Doc. 17 at 2-3. First, in 2022, LDC-E (the defendant, herein), LDC, and the Pueblo of Laguna brought suit against UCF-T (the plaintiff, herein), seeking damages for trespass, public nuisance, and breach of contract, amongst other grounds.  Doc. 17 at 2 (citing *Pueblo of Laguna, et al., v. Ultraclean Fuel (Transmix), LLC*, No. CV 22-00017 (Laguna Pueblo Court)).  In that case, UCF moved to dismiss, arguing, as UCF-T does here, that the FPA's "forum selection clause" precluded tribal jurisdiction.  *Id.*  That motion was fully briefed and argued, but the Laguna Pueblo Court has not issued a ruling as of July 11, 2025.  *Id.* at 2-3.  Second, in 2024, the Pueblo of Laguna filed suit against three UCF companies, including UCF-T (the plaintiff, herein), seeking damages for subsurface trespass.  *Id.* at 3 (citing *Pueblo of Laguna v. Ultraclean Fuel, Limited, et al.*, No. CV 24-00041 (Laguna Pueblo Court)).  In that case, UCF moved to dismiss on the same grounds argued in the first case, but the Laguna Pueblo Court denied that motion, reasoning that because the Pueblo of Laguna was not a signatory to any of the Ultraclean contracts, it was not bound by any purported forum selection clause.  *See id.*  The Pueblo of Laguna then sought a preliminary injunction, citing substantial contamination directly beneath the Unit that could not be remediated until the Unit was removed.  *Id.*  The Laguna Pueblo Court granted the Pueblo of Laguna's motion and ordered UCF to remove the Unit by September 8, 2025.  *Id.*

## II. LEGAL STANDARD

Although Defendant originally brought its *Motion* under Rule 12(b)(1), arguing lack of subject matter jurisdiction based on ripeness, *see* Doc. 8 at 8-11; *but see* Doc. 17 at 5 n.2, failure

to exhaust tribal remedies is not a jurisdictional defense. *Iowa Mut. Ins. v. LaPlante*, 480 U.S. 9, 16 n.8 (1987). Rather, it is a matter of comity grounded in longstanding principles of federal Indian law. *Id.* Thus, the question is whether the plaintiff may proceed in federal court without first exhausting remedies in tribal court (i.e., there is concurrent jurisdiction), which is more appropriately addressed through a Rule 12(b)(6) motion. *World Fuel Servs., Inc. v. Nambe Pueblo Devel. Corp.*, 362 F. Supp. 3d 1021, 1091-92 (D.N.M. 2019); *but see id.* at 1088 nn.25-26 (discussing conflict on the proper procedural vehicle). Accordingly, the Court evaluates Defendant's *Motion* (Doc. 8) under the applicable Rule 12(b)(6) standards. *See generally* Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 12(b)(6) provides that a party may assert, by motion, the defense of failure to state a claim upon which relief can be granted. In deciding a motion to dismiss premised on Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). While the facts in the complaint need not be detailed, they must be sufficient to allow the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [the] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). However, pleadings offering mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted). "Conclusory allegations are not entitled to the assumption of truth." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (quotation marks and citation omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the Court generally must exclude extraneous material or convert the motion to one for summary judgment. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). "A district court may, however, consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quotation marks and citation omitted). Thus, in analyzing Defendant's *Motion* (Doc. 8), the Court may consider the FPA (Doc. 1-2), Supply Agreement (Doc. 1-3), and Co-Ordination Agreement (Doc. 1-4), which are cited in and attached to Plaintiff's Complaint, because these documents are central to Plaintiff's claims, *see generally* Doc. 1, and Defendant has not disputed their authenticity.

### III. ANALYSIS

#### A. General Applicability of the Tribal Exhaustion Doctrine

Federal courts must generally abstain from exercising jurisdiction over disputes that implicate tribal interests or arise from conduct on tribal lands, until the tribal court has had a "full opportunity to determine its own jurisdiction" and resolve the underlying claims. *Nat'l Farmers Union Ins. v. Crow Tribe of Indians*, 471 U.S. 845, 857 (1985). This principle, known as the tribal exhaustion doctrine,[3] is rooted in Congress' commitment to "a policy of supporting tribal self-government and self-determination." *Id.* at 856. Where there exists at least a colorable claim of tribal jurisdiction, the court must give the tribal court deference until tribal remedies, including tribal appellate review, are exhausted. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1149 (10th Cir. 2011); *see also Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1509 (10th Cir. 1997) ("It does not serve Congress's interest in promoting development of tribal courts to

---

[3] The tribal exhaustion doctrine may also be referred to, albeit less commonly, as the "tribal abstention doctrine." *See, e.g.*, *Pittsburg & Midway Coal Min. Co. v. Watchman*, 52 F.3d 1531, 1537 (10th Cir. 1995) ("[T]he tribal abstention doctrine applies throughout Indian country, not just on formal reservations.").

second-guess the jurisdictional determinations of the [Tribal] district court before the tribal appellate process has run its course.") (internal citation omitted).

In *National Farmers*, the Supreme Court of the United States listed three factors to consider in determining whether comity requires exhaustion of tribal remedies in a given matter. *Nat'l Farmers*, 471 U.S. at 857; *see also Kerr-McGee*, 115 F.3d at 1507 (10th Cir. 1997) ("(1) furthering congressional policy of supporting tribal self-government; (2) promoting the orderly administration of justice by allowing a full record to be developed in the tribal court; and (3) obtaining the benefit of tribal expertise if further review becomes necessary."). However, the Tenth Circuit only requires district courts to engage in a more extensive analysis of these comity factors in cases involving non-Indian activity occurring outside the reservation. *Pittsburg & Midway Coal Min. Co. v. Watchman*, 52 F.3d 1531, 1537 (10th Cir. 1995). Comparatively, when a case involves a "reservation affair," these comity concerns inherently "almost always dictate that the parties exhaust their tribal remedies before resorting to the federal forum." *Texaco, Inc. v. Zah*, 5 F.3d 1374, 1378 (10th Cir. 1993); *see also Kerr-McGee*, 115 F.3d at 1507 ("[T]his court at times abstains without making a detailed comity analysis, holding that 'when the dispute is a "reservation affair" there is no discretion not to defer.'") (citations omitted). In such cases, the tribal exhaustion doctrine acts as an "inflexible bar" to the federal court's consideration of the merits. *Granberry v. Greer*, 481 U.S. 129, 136 (1987).

Plaintiff argues that the Laguna Pueblo Court lacks jurisdiction because the FPA contains a "forum selection clause" that states that the parties "irrevocably and unconditionally submit[] to the non-exclusive jurisdiction" of federal and New Mexico state courts. Doc. 13 at 4-5 (citing Doc. 1-2 at 5 (clause 3(b))). This argument is unpersuasive.

6

First, the forum selection clause is permissive, not mandatory, because the express contractual language of "*non*-exclusive jurisdiction" does not preclude filing suit in other tribunals. *See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926-27 (10th Cir. 2005) (explaining that a mandatory forum selection clause contains clear language that jurisdiction is only proper in the designated tribunal(s), while a permissive forum selection clause authorizes jurisdiction in the designated tribunal(s) but lacks mandatory or obligatory language prohibiting litigation elsewhere); *K & V Sci. Co. v. BMW*, 314 F.3d 494, 500 (10th Cir. 2002) (finding a forum selection clause was permissive because it lacked mandatory terminology such as "exclusive," "sole," or "only"). However, Plaintiff correctly observes that the FPA further states:

> [e]ach Party irrevocably waives any right it may now or in the future have to object to any action relating to this Agreement being brought in those [state or federal] courts including, without limitation, by claiming that the action has been brought in an inconvenient forum or that those courts have no jurisdiction.[4]

Doc. 13 at 6 (citing Doc. 1-2 at 5 (clause 3(c))). But Defendant does not contest this Court's jurisdiction—tribal courts can have concurrent jurisdiction; hence the existence of the tribal exhaustion doctrine. *World Fuel Servs.*, 362 F. Supp. 3d at 1058 (first citing *Nat'l Farmers*, 471 U.S. at 857 (federal question jurisdiction); and then citing *Iowa Mut.*, 480 U.S. at 18 (diversity jurisdiction)). Instead, Defendant is arguing that the Laguna

---

[4] The Court notes an inherent limitation to the type of clause. *See* Doc. 1-2 at 5 (clause 3(c)). It is well settled that courts must have personal jurisdiction and subject matter jurisdiction to hear a matter. U.S. CONST. art. III, § 2, cl. 1; *Earle v. McVeigh*, 91 U.S. 503, 507 (1875) ("Standard authorities lay down the rule, that, in order to give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person and the subject-matter . . . ."). Of these two requirements, only the former—personal jurisdiction—may be waived. *See* Fed. R. Civ. P. 12(b)(2) (listing "lack of personal jurisdiction" as a defense to a claim for relief), (h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) . . . ."); *but see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, with regard to subject matter jurisdiction, parties may not confer jurisdiction where it is otherwise lacking; parties may not change the law through contract. Because the judgment of a court lacking jurisdiction is void, *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986), this clause risks both the parties' interests and judicial economy.

7

Pueblo Court has not had the opportunity to determine whether it has jurisdiction and decide whether to proceed.  Doc. 17 at 4.

Second, Plaintiff's interpretation of the permissive forum selection clause not only imposes extraneous restrictions to the verbiage itself, but it also conflicts with the immediately preceding clause, which states in its entirety: "This Agreement is governed by and construed in accordance with tribal laws, the laws of the United States of America and the laws of New Mexico, *in that order*."  Doc. 1-2 at 5 (clause 3(a)) (emphasis added).  Allowing Plaintiff to bypass the tribal exhaustion requirement solely on the basis of a permissive forum selection clause would run counter to the principles of tribal self-governance.  *See Nat'l Farmers*, 471 U.S. at 851, 856-57.

The Court concludes that the present claims are undoubtedly a "reservation affair," seeing as they arise from conduct on tribal land (*see* Doc. 1-2 at 7), pursuant to a contract governed by tribal law (Doc. 1-2 at 6 (clause 3(a))), and involve a tribal enterprise (*see* Doc. 1-4 at 57 (defining "LDC" as "a US for-profit corporation wholly owned by the Pueblo of Laguna and federally chartered under section 17 of the 1934 *Indian Reorganization Act*[.]").  *See Calumet Gaming Grp.-Kan., Inc. v. Kickapoo Tribe of Kan.*, 987 F. Supp. 1321, 1329 (D. Kan. 1997) (finding that dispute between tribe and non-Indian corporation was a "reservation affair" because it concerned the "performance of contracts relating to a gaming operation located on the Tribe's reservation.").  Plaintiff's arguments do not defeat the fact that this case involves a reservation affair.  Accordingly, Plaintiff must exhaust available remedies in Laguna Pueblo Court, including tribal appellate review before the Pueblo of Laguna Court of Appeals, before proceeding further in this forum.  *See Nat'l Farmers*, 471 U.S. at 87; *Crowe*, 640 F.3d at 1149.

B. **Exceptions to and Inability to Waive the Tribal Exhaustion Doctrine**

However, the tribal exhaustion doctrine is not absolute; there are five exceptions:

(1) where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) where the Tribal Court action is patently violative of express jurisdictional prohibitions; (3) where exhaustion would be futile because of the lack of an adequate opportunity to challenge the Tribal Court's jurisdiction; (4) where it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by the main rule established in *Montana v. United States*, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981); or (5) it is otherwise clear that the Tribal Court lacks jurisdiction so that the exhaustion requirement would serve no purpose other than delay.

*Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006) (quotations, alterations, and citations omitted). In its opposition to Defendant's motion to dismiss, Plaintiff argues that the FPA's forum selection clause invokes the "no purpose other than delay" exception to the tribal exhaustion doctrine. *See* Doc. 13 at 5.

While some courts have construed tribal exhaustion as a waivable affirmative defense, the District of New Mexico is not amongst them. *See, e.g.*, *Navajo Nation v. Intermountain Steel Bldgs. Inc.*, 42 F. Supp. 2d 1222, 1227 (D.N.M. 1999) (citing *Smith v. Moffett*, 947 F.2d 442, 445 (10th Cir. 1991) (finding the tribal exhaustion requirement to not be "a mere defense to be raised or waived by the parties.")); *World Fuel Servs.*, 362 F. Supp. 3d at 1090 & nn.27-28 (stating and discussing the court's interpretation that parties cannot waive the tribal exhaustion doctrine). Plaintiff relies on a single non-binding and distinguishable case, *QEP Field Servs. Co. v. Ute Indian Tribe of Uintah & Ouray Reservation*, where the District of Utah found that the exhaustion doctrine was clearly and unambiguously waived, and therefore unnecessary, based on a contract clause in which the parties agreed that "they shall have as a first recourse for the enforcement of

9

this Article 17 to the United States District Court for the District of Utah and appellate courts therefrom." Doc. 13 at 5-6 (quoting, 740 F. Supp. 2d 1274, 1277 (D. Utah 2010)).

Plaintiff's argument rests on the continued misinterpretation of the FPA's forum selection clause. *See supra* Section III.A. As established, the FPA's forum selection clause is permissive. *Id.* Comparatively, *QEP Field Services* involved a mandatory forum selection clause. *Compare* 740 F. Supp. 2d at 1277, *with* Doc. 1-2 at 5 (clause 3(b)). Although the court in *QEP Field Services* did not explicitly categorize the disputed language as "mandatory" or "permissive," the fact it stated that the parties "*shall have as a first recourse . . .* the United States District Court," clearly prioritizes and mandates the federal court's jurisdiction. 740 F. Supp. 2d at 1277 (emphasis added); *see Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (finding forum selection clause stating "venue shall be proper under the agreement in Johnson County, Kansas" was mandatory for specifying the forum and using the obligatory word "shall"); *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) (same).

Moreover, *QEP Field Services* is an outlier, not the standard. The Tenth Circuit has "taken a strict view of the tribal exhaustion rule," *Kerr-McGee*, 115 F.3d at 1507, and "the exceptions are applied narrowly," *Thlopthlocco Tribal Town v. Stidham*, 762 F.3d 1226, 1239 (10th Cir. 2014). The Court finds that exempting the tribal exhaustion doctrine in the present matter would contradict clearly binding precedent. *See Thlopthlocco*, 762 F.3d at 1239. Challenging such precedent is especially unnecessary since the parties do not share a mutual desire to waive the tribal exhaustion requirement, *see* Doc. 8, and the FPA's express contractual language does not mandate as such, *see* Doc. 1-2 at 5 (clause 3(b)). *See Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck*

10

*Hous. Auth.*, 207 F.3d 21, 31 (1st Cir. 2000) (stating that explicit waivers may be effective, but "implied waivers are disfavored," and "if a tribe has not explicitly waived exhaustion, courts lack discretion to relieve its litigation adversary of the duty of exhausting tribal remedies before proceeding in a federal forum.").

In conclusion, Plaintiff fails to persuade that any of the exceptions to the tribal exhaustion doctrine apply. *See Burrell v. Armijo*, 456 F.3d at 1168. Therefore, Plaintiff must still exhaust its tribal remedies in the Laguna Pueblo Court and Pueblo of Laguna Court of Appeals. *See Nat'l Farmers*, 471 U.S. at 87; *Crowe*, 640 F.3d at 1149.

C. **Determining Whether to Stay or to Dismiss Without Prejudice**

Having found that that the present matter constitutes a "reservation affair" requiring application of the tribal exhaustion doctrine, *supra* Section III.A, and that no exceptions apply, *supra* Section III.B, the Court has discretion in deciding whether to hold the case in abeyance (i.e., stay) or dismiss it with prejudice. *See Nat'l Farmers*, 471 U.S. at 857 ("Whether the federal action should be dismissed or merely held in abeyance pending the development of the Tribal Court proceedings is a question that should be addressed in the first instance by the District Court."); *see also Texaco*, 5 F.3d at 1376 (explaining that district court's decision on the applicability of the tribal exhaustion doctrine is reviewed de novo, and the subsequent decision to stay or dismiss proceedings on abstention grounds is reviewed for abuse of discretion).

The Tenth Circuit "has expressed a general preference in abstention cases for issuance of a stay rather than dismissal." *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 404 (10th Cir. 1995); *compare id.* (discussing *Colorado River* abstention), *with Iowa Mut.*, 480 U.S. at 16 n.8 (finding tribal exhaustion rule analogous to *Colorado River* abstention). A stay is preferred because abatement enables the district court to exercise its jurisdiction on the merits

11

after exhaustion in tribal court regardless of the outcome there. *Allen*, 68 F.3d at 404. On the one hand, if the proceedings in the other court "do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." *Id.* On the other hand, Plaintiff may seek this Court's review of the tribal courts' findings of fact, including decisions on jurisdictional issues, for clear error and/or de novo review of the tribal courts' conclusions of law. *See Mustang Prod. Co. v. Harrison*, 94 F.3d 1382, 1384 (10th Cir. 1996).

Accordingly, the Court shall "stay[] its hand" pending Plaintiff's exhaustion of its available tribal remedies in the Laguna Pueblo Court, including tribal appellate review before the Pueblo of Laguna Court of Appeals. *Nat'l Farmers*, 471 U.S. at 857.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, the Court finds that Defendant LDC Energy, LLC's *Motion to Dismiss for Failure to Exhaust Tribal Remedies* (Doc. 8) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff Ultraclean Fuel (Transmix), LLC must exhaust tribal remedies in the Laguna Pueblo Court, including appellate review before the Pueblo of Laguna Court of Appeals;

2. The federal proceedings are stayed pending the exhaustion of tribal court remedies; and

3. The parties shall file Joint Status Report on or before November 1, 2025, and every ninety days thereafter during the stay, advising this Court as to the status of the tribal court proceedings.

   **IT IS SO ORDERED**.

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**